[Cite as *State v. Howard*, 2018-Ohio-309.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-242 |
| | | (C.P.C. No. 13CR-4407) |
| John M. Howard, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

M E M O R A N D U M   D E C I S I O N

Rendered on January 25, 2018

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for
appellee.

*Koenig & Long, LLC, Charles A. Koenig* and *Todd A. Long*, for
appellant.

ON MOTIONS

TYACK, J.

{¶ 1}  Counsel for John M. Howard has filed a motion requesting that we certify a conflict between our decision rendered on November 30, 2017 and a decision from the Second District Court of Appeals in *State v. Snoeberger*, 2d Dist. No. 24767, 2013-Ohio-1375.  We do not see a certifiable conflict.

{¶ 2}  In our *Howard* case, a trial court judge informed the defendant quite clearly that, if he continued repeating his habit of violating the terms of his community control, defendant was going to be sent to prison.  Howard again violated the terms of his community control and the trial court judge did as promised.

{¶ 3}  In the *Snoeberger* case, the trial court judge did not make the specific promises made to John Howard.  The judge in *Snoeberger* never told Snoeberger what the prison sentence would be.  This clearly distinguishes the two cases.

{¶ 4} We also note that counsel for Howard did not clearly state the proposition of law to be certified but, instead, set forth an extended question which counsel wishes for the Supreme Court of Ohio to answer.

{¶ 5} The motion to certify a conflict is denied.

{¶ 6} Counsel has also filed an application for reconsideration. Counsel acknowledges that our decision clearly addresses the questions of whether or not the trial court judge could enforce the terms of incarceration suspended at the original time Howard appeared in court for a sentencing.

{¶ 7} The application for reconsideration is also denied.

*Motions denied.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.